# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBBIN JAMES BUSCHER,<br><br>Defendant. | 2:05-CR-201 JCM (RJJ)<br>2:06-CV-1339 JCM (RJJ)<br><br>Date:   N/A<br>Time:   N/A |

### ORDER

Presently before the court is Robin James Buscher's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (#1) and (#25). The government filed its response (#27) in the form of a motion for an order declaring attorney-client privilege waived, and mandating disclosure of materials and information relevant to defendant's claims of ineffective assistant of counsel in his motion to vacate under § 2255.

On September 2, 2005, Mr. Buscher pleaded guilty to counts one through nine of the indictment pursuant to a plea agreement with the government for bank robbery, in violation of 18 U.S.C. § 2113(a). The court sentenced Mr. Buscher to 63 months imprisonment followed by three years supervised release.

Mr. Buscher brings three claims for post-conviction relief under § 2255, all based on ineffective assistance of counsel. First, he argues that counsel did not introduce evidence both mitigating and exculpatory that would have been in the petitioner's best interest at trial. *See* Mr.

**James C. Mahan**
**U.S. District Judge**

1    Buscher's § 2255 motion, p. 5.  Second, Mr. Buscher asserts that counsel infringed on his Fifth
2    Amendment rights by not conducting a reasonable investigation pursuant to *Strickland v.*
3    *Washington*, 466 U.S. 668, 687 (1984), and Fourteenth Amendment rights to due process due to the
4    excessive sentence imposed. *Id* at 7. Finally, he submits that the government did not pursue a full
5    investigation as to the facts in the petitioner's criminal case and present them to the court in lieu of
6    petitioner's counsel's own deficient performance. *Id* at 8.

7    All three of petitioner's claims are too vague to support habeas relief.  Rule 2(b) of the Rules
8    Governing Section 2255 cases in the United States District Courts provides, "The motion must:
9    'specify all the grounds for relief available to the moving party' and 'state the facts supporting each
10   ground.'" The language of Rule 2(b) governing § 2255 proceedings is remarkably similar to Rule
11   2© of the Rules Governing Section 2254 cases.  The Supreme Court in *Mayle v. Felix*, 545 U.S. 644
12   125, S.Ct 2562, 2570, held, "In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal
13   Rules of Civil Procedure, requires only 'a short and plain statement of the claim showing that the
14   pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Rule 2© of the Rules Governing Habeas Corpus
15   Cases [2254] requires a more detailed statement.  The habeas rule instructs the petitioner to 'specify
16   all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"

17   The language of the rules governing the pleading standards of § 2254 and § 2255 is nearly
18   identical. Because of this similarity, this court finds these rules should be interpreted as part of the
19   same statutory structure.  In light of the Supreme Court's decision in *Felix*, Rule 2(b) of the Rules
20   Governing Section 2255 cases requires a heightened pleading standard, and each ground for relief
21   must be supported with sufficient facts.

22   Mr. Buscher has failed to allege what evidence was not introduced that was in his best
23   interest at trial.  Similarly, there are no facts alleged that indicate a reasonable investigation would
24   have uncovered evidence tending to exculpate Mr. Buscher.  Finally, the movant does not alleges any
25   specific evidence the government withheld that should have been disclosed to the court in light of
26   Mr. Buscher's own counsel's deficient representation.

27   Based on the foregoing, Mr. Buscher has failed plead sufficient facts to show how his counsel
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

was deficient conducting his investigation or presenting the case.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the clerk of the court shall send Robin James Buscher a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody form with instructions. The movant will then have (30) days from the date this order is entered in which to file an amended motion to correct the noted deficiencies. Failure to comply with this order will result in dismissal of this action.

DATED this 29th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -